**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Hensley, | No. CV-12-01248-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of New York Mellon f.k.a. The Bank of New York, as trustee for the certificateholders of CWALT, Inc. Alternatively Trust 2007-OA7, Mortgage Pass—Through Certificates, Series 2007-OA7, Bank of America, N.A., John Does I-X and Jane Does I-X, their wives; Black Corporations I-X; | |
| Defendants. | |

Pending before the Court are Defendants' Bank of New York Mellon, et al., Motion to Dismiss (Doc. 6) and Plaintiff Kenneth Hensley's Motion for Leave to File an Amended Complaint (Doc. 12). Plaintiff's Motion is also his Response to Defendants' Motion to Dismiss (Doc. 11). Defendants' have filed a Reply (Doc. 13).

## I.    BACKGROUND

On or about August 21, 2006, Plaintiff borrowed $190,400 (the "Loan") from Ampro Mortgage, a division of United Financial Mortgage Corporation (the "Lender") to refinance an existing loan against real property in Mesa, Arizona (the "Property"). A Note (Doc. 6-1 at 3-11) and Deed of Trust (Doc. 6-1 at 13-35) signed by Plaintiff evidence and secure the Loan. The Deed of Trust expressly states that Mortgage Electronic Registration Systems, Inc. ("MERS"), and the successors and assigns of

MERS, will serve as beneficiary in a nominee capacity for Lender and Lender's successors and assigns.  (*Id*. at 13).

On or about July 1, 2008, Plaintiff stopped making payments on the Loan and defaulted under the terms of the Note and Deed of Trust.  *See* (*id*. at 44).

On or about April 25, 2011, MERS, as nominee for Lender, assigned its beneficial interest under the Deed of Trust to Defendant Bank of New York Mellon ("BNYM").  (*Id*. at 37).  On or about September 22, 2011, BNYM appointed ReconTrust Company, N.A. ("ReconTrust") as successor trustee under the Deed of Trust.  (*Id*. at 39).  BNYM remained the beneficiary under the Deed of Trust.  *See* (*id*. at 44).  On September 22, 2011, ReconTrust noticed the Property for a non-judicial trustee's sale scheduled to take place on December 30, 2011.  (*Id*.)  The sale has not been held.

On May 14, 2012, Plaintiff filed a Complaint in the Maricopa County Superior Court (Doc. 1-1 at 5-11) alleging three claims against Defendants.  Plaintiff's claims against Defendants include, Claim One for declaratory judgment to quiet title (*id*. at 8-9), Claim Two for breach of contract (*id*. at 9-10), and Claim Three for wrongful foreclosure (*id*. at 10-11).  On June 11, 2012, Defendants removed this case from state court to this Court under diversity jurisdiction.  (Doc. 1 at 1-2).  On June 18, 2012, Defendants filed their Motion to Dismiss.  (Doc. 6).

## II.    DISCUSSION

Defendants move to dismiss Plaintiff's Complaint because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*Id*. at 2-3).

### A.    Legal Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94-95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept

as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### B.    Analysis

Plaintiff makes three claims in the Complaint—quiet title, breach of contract, and wrongful foreclosure.  (Doc. 1-1 at 8-11).  Plaintiff's quiet title and wrongful foreclosure claim are premised on Plaintiff's allegation that no Defendant holds the Note and therefore Defendants are precluded from foreclosing on the Property.  Plaintiff's breach of contract claim is premised on the argument that Defendants somehow did not abide by the terms of the Note and Deed of Trust.

In his Response, Plaintiff essentially makes four arguments for why the Court should deny Defendants' Motion to Dismiss.  Plaintiff's argument opposing Defendants' Motion initially centers on whether a binding Deed of Trust exists, justifying foreclosure and a non-judicial trustee's sale.  (Doc. 11 at 2-3).  Then Plaintiff makes two arguments that are essentially the same and contends that Defendants cannot declare default on the Loan and non-judicially foreclose on the Property because the party declaring default must hold the Note and Defendants hold only the beneficial interest in the Deed of Trust and not the Note.  (*Id*. at 3-6).  Finally, Plaintiff argues that the Court should deny Defendants' Motion to Dismiss because there is an issue of fact over whether the documents justifying the foreclosure were "robosigned."  (*Id*. at 6).

### 1.    Validity of the Deed of Trust

In the Complaint, Plaintiff alleges he attempted to modify the Loan, which was an Adjustable Rate Mortgage ("A.R.M.") under the Note, to a traditional thirty-year fixed mortgage prior to stopping payments on the Loan.  (Doc. 1-1 at 6 ¶¶ 10-14).  Plaintiff claims he successfully modified the Loan "and the original note and deed of trust were paid off and satisfied."  (*Id*. at 7 ¶ 15).  Plaintiff claims this payoff was evinced by a deed of reconveyance recorded by the beneficiary of the old deed of trust.  (*Id*. at 7 ¶ 17).  Plaintiff argues that, therefore, Defendants cannot hold a trustee's sale for the Property

1   because there is no unsatisfied deed of trust or note on the Property.  (*Id.* at 8 ¶ 26).

2        However, the exhibit Plaintiff cites as proof of satisfaction of the Note and Deed

3   of Trust in this case is not a release and reconveyance of the Deed of Trust at issue.  *See*

4   (*id.* at 12).   The cited "proof" is for the release and reconveyance of a different loan

5   altogether than the Loan at issue.  *Compare* (*id.*) (Release and Reconveyance of Deed of

6   Trust for "Recorder's No.: 20051550441" recorded on "10/18/2005"), *with* (*id.* at 13)

7   (Notice of Trustee's Sale under Deed of Trust for "Instrument Number 20061162253"

8   recorded on "08/31/2006").  Plaintiff admits in his Response that the proof he cited is not

9   actually proof that the Loan at issue was satisfied.  (Doc. 11 at 2).   In the alternative,

10   Plaintiff argues Defendants still have no binding deed of trust because the Deed of Trust

11   Defendants have was not validly notarized.  (*Id.* at 2-3).  Accordingly, Plaintiff appears to

12   have withdrawn his allegation that the Note and Deed of Trust held by Defendants has

13   been satisfied.   No release and reconveyance exists for the Deed of Trust at issue.

14   Further, Plaintiff's new argument, that the Deed of Trust at issue is not valid was first

15   raised in the Response (*id.* at 2) and not made in the Complaint.

16        Even if the Court were to consider Plaintiff's allegation in the Response, that the

17   Deed of Trust was not validly notarized, the Court finds Plaintiff has not stated a claim

18   upon which relief can be granted.  Plaintiff argues that the first notarization on the Deed

19   of Trust is not valid because Plaintiff was in Arizona at the time of the notarization while

20   the notarization was done by a California notary.  (*Id.* at 2) (citing Doc. 11 at 8).  Further,

21   Plaintiff argues that the second notary on the Deed of Trust says it was done in California

22   on August 22, 2006, but Plaintiff claims he was in Arizona on this date.  (*Id.* at 2-3)

23   (citing Doc. 11 at 9).

24        Plaintiff cites "<u>Silving v. Wells Fargo Bank</u>, 800 F.Supp. 2nd (D. Ariz. 2011)" for

25   the proposition that a notarization done in one state is void when the signer was in

26   another state.  (*Id.* at 3).   This is simply not a true statement.   Arizona law does not

27   require a notary to actually witness a signature.   Ariz. Rev. Stat. § 33–503; *City*

28   *Consumer Servs. Inc. v. Metcalf*, 775 P.2d 1065, 1068–69 (Ariz. 1989).

1      It appears Plaintiff is referring to *Silving v. Wells Fargo Bank, NA*, 800 F.Supp.2d

2  1055, 1066 (D. Ariz. 2011).  In *Silving*, the district court did not address the issue in this

3  case—the validity of a trust deed in light of an allegation that the notarization occurred in

4  a separate State than the signature.  Rather, the court in *Silving* addressed the defendant's

5  argument that plaintiff's allegation—that the notary falsely certified the signatory

6  appeared before her in California—was not plausible.  *Id*. at 1066.  In this case, there is

7  no claim that the notary falsely certified that Plaintiff signed the document.  Plaintiff

8  plainly admits he signed the document.  (Doc. 12 at 2); *see also* (*id*. at 7) (Plaintiff's

9  signature on the Deed of Trust).

10     In *Silving*, the central issue was that plaintiff alleged the notary falsely certified

11  that the signatory appeared before her in California.  *Silving*, 800 F.Supp.2d at 1066.

12  First, the defendant tried to argue that plaintiff's claim, that the signer was physically in

13  Texas at the time of the signature, was implausible.  *Id*.  The Court rejected this argument

14  because the facts showed there was no proof the signer was not in Texas, making

15  Plaintiff's falsity claim plausible.  *Id*.  Next, the defendant tried to argue that even if the

16  signer was in Texas while it was notarized in California, that error would not invalidate

17  the notice under Arizona Revised Statute ("A.R.S.") § 33-808(E).  *Id*.  The Court rejected

18  this argument because there was no Arizona case law cited for the proposition that a

19  knowing falsity would not invalidate the notice.  *Id*.  The Court did not hold that the

20  alleged notarization disparity rendered the notice void, as Plaintiff is attempting to argue

21  in this case.  The Court merely held that the disparity made plaintiff's claim of a false

22  certification plausible for purposes of the motion to dismiss in that case.  *Id*.

23     When *Silving* came before the district court a second time and the plaintiff made

24  the same allegation Plaintiff makes in this case—that the plaintiff was in a different state

25  than the notary when the document was signed and therefore the signature is invalid—the

26  Court rejected the argument and dismissed the claim because the Court found this

27  allegation was insufficient to support a claim that a notarized signature is invalid.  *Silving*

28  *v. Wells Fargo Bank, NA*, CV 11-0676-PHX-DGC, 2012 WL 135989, at *4 (D. Ariz. Jan.

18, 2012).  In applying Arizona law, this Court has repeatedly held that "the signor need not appear before the notary" for a notarization to be valid.  *Id.*; *Nichols v. Bosco*, CV-10-01872-PHX-FJM, 2011 WL 814916, at *4 (D. Ariz. Mar. 4, 2011) ("We also reject plaintiff's argument that 'fraud' exists if a notary dated and signed an instrument after the date of signature.  Arizona law does not require a notary to actually witness a signature.").  Therefore, in this case, Plaintiff's allegation that he was in Arizona and the notary in California is not sufficient to support a claim that the notarization on the Deed of Trust is invalid.  Thus, even if the Court were to consider this argument as if it had been made in the Complaint the Court rejects Plaintiff's argument and finds Plaintiff has not stated a claim upon which relief can be granted.

### 2.   Plaintiff's "Show me the Note" Arguments

Plaintiff's second and third arguments for why the Court should deny Defendants' Motion to Dismiss are essentially the same.  In Plaintiff's second argument, Plaintiff contends that the Deed of Trust is not operable because the "noteholder [sic] needs to declare default on the note, before" there can be a forfeiture under the terms of the deed of trust.  (Doc. 12 at 4).  Further, Plaintiff argues that "[t]he mere holder of the deed of trust cannot [declare default] without also holding the note and declaring default on the note."  (*Id.*)  Finally, Plaintiff claims that because Defendants hold the Deed of Trust but they do not hold the Note, they are not the parties that can seek a non-judicial foreclosure.  (*Id.*)  Plaintiff attempts to argue that this claim is not a "show me the note theory" but a standing theory instead.  (*Id.*)

Plaintiff's third argument is that Defendants have no standing to pursue a non-judicial foreclosure because the entity that transferred Defendants the beneficial interest in the Deed of Trust, MERS, did not also transfer the Note to Defendants.  (*Id.* at 4-6).  Plaintiff reasons that MERS "has no standing to hold or pursue a forfeiture sale if it does not hold the note."  (*Id.* at 4-5)  Since MERS never held the Note and never had standing to pursue a forfeiture sale, Plaintiff argues that when MERS transferred the beneficial interest in the Deed of Trust, and not the Note, to Defendants it precluded Defendants

1   from commencing a non-judicial foreclosure.  (*Id.* at 4-6).  Essentially, Plaintiff's third

2   argument is again that Defendants do not have the Note and must show the Note to

3   commence a non-judicial foreclosure on the Property.

4          Plaintiff's arguments are both "show the note" theories regardless of what he calls

5   them.  Plaintiff continually states that Defendants must have the Note to commence a

6   non-judicial foreclosure.  Plaintiff argues that the Arizona Supreme Court's clear holding

7   in *Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781 (Ariz. 2012) (en banc) would

8   have been different if the plaintiff in that case had alleged that the beneficiaries were not

9   entitled to enforce the underlying note.  (Doc. 12 at 3 n. 1).  In *Hogan*, the Supreme Court

10   held that beneficiaries are not required to show ownership of the note that a deed secures,

11   before a trustee can conduct a non-judicial foreclosure sale of a trustor's property.

12   *Hogan*, 277 P.3d at 781.  In the opinion, the Supreme Court merely noted that the

13   plaintiff's complaints did not affirmatively allege that the beneficiaries were not the

14   holders of the notes in question or that they otherwise lacked authority to enforce the

15   notes. *Id.* at 783.  In this case, Plaintiff takes this observation a step further and contends

16   the entire case hinged on the absence of this allegation.  This Court disagrees with this

17   interpretation of *Hogan*.

18          The Supreme Court said in the next paragraph in *Hogan* that, "the deed of trust

19   statutes impose no obligation on the beneficiary to 'show the note' before the trustee

20   conducts a non-judicial foreclosure.  The only proof of authority the trustee's sales

21   statutes require is a statement indicating the basis for the trustee's authority." *Id.* (citing

22   A.R.S. § 33–808(C)(5) (requiring the notice to set forth 'the basis for the trustee's

23   qualification pursuant to § 33–803, subsection A'); *see also* A.R.S. § 33–807(A)

24   (granting the trustee the 'power of sale')).  The holding in *Hogan* hinged on whether the

25   defendant beneficiaries provided a statement indicating the basis for the trustee's

26   authority—e.g. the deed of trust.  The statement in *Hogan* on which Plaintiff here relies

27   was merely an alternative holding pointing out that in addition to failing on the merits,

28   the plaintiff in *Hogan* never even made allegations sufficient to support his arguments.

1   The plaintiff in *Hogan*, similar to Plaintiff here, did not contest that the trustee's sales
2   statutes had all been complied with by the trustee.  *Id*.  The Trust Statutes (A.R.S. §§ 33-
3   801 to -821), governing non-judicial foreclosure sales, or trustee's sales, do not require
4   the beneficiary to show ownership or otherwise document its right to enforce the
5   underlying note prior to selling the real property secured by the underlying note through a
6   non-judicial sale.  *Id*. at 782-783.  Accordingly, Plaintiff's allegations, that Defendants
7   are precluded from commencing the non-judicial foreclosure of the Property because they
8   do not own the Note, are invalid.

9                    **3.    "Robosignatures"**

10      Plaintiff's final argument for why the Court should deny the Motion to Dismiss is
11  that some of the documents justifying the foreclosure could have been "Robosigned."
12  (*Id*. at 6).  Plaintiff, however, did not make this allegation in his Complaint.  Even if the
13  Court allowed Plaintiff to amend the Complaint and considered this allegation, Plaintiff
14  has not tied this allegation to a cognizable legal theory.  Plaintiff has neither stated nor
15  explained how a "robosignature" is unlawful on documents in a non-judicial foreclosure.
16  As Defendants explain, the common understanding of "robosigning" is when an
17  automatic signature is put on a document that requires an attestation of personal
18  knowledge, like an affidavit, making the attestation invalid.  (Doc. 13 at 7).  The Court
19  has found no requirement under Arizona law that documents making up part of the non-
20  judicial foreclosure process must have an attestation of personal knowledge.
21  Consequently, even if the documents were "robosigned" as Plaintiff alleges in his
22  Response, Plaintiff has shown neither how this allegation is a claim of some unlawful
23  action nor how this allegation supports a claim he made in the Complaint.

24                    **4.    Plaintiff's Complaint**

25      In the Complaint, Plaintiff made three claims for relief but has failed to allege
26  enough facts to state claims upon which relief can be granted.

27      Plaintiff's quiet title claim was premised on Defendants "showing the note" and
28  the allegation that the deed of trust had been extinguished.  (Doc. 1-1 at 8 ¶¶ 30-32).  As

the Court explained above, the "show the note" allegation is unfounded and does not preclude a non-judicial foreclosure, and Plaintiff's allegation that the deed of trust had been extinguished is conclusory and not supported by well-pled facts.   Therefore, Plaintiff's claim for quiet title, which was dependent on those theories, fails and is dismissed.

Plaintiff's breach of contract claim was based on four allegations: 1) that Plaintiff was not informed that the Loan was an A.R.M.; 2) that Defendants would not consider Plaintiff's son's income for any refinancing; 3) that the Loan was fraudulently procured by Defendants and their predecessors in interest; and 4) that Defendant Bank of America mishandled the modification in violation of prior court orders.  (*Id*. at 9-10 ¶ 39).  None of these allegations are supported by factual allegations or legal theories that Plaintiff made or cited in the Complaint, nor did Plaintiff address any of these allegations in his Response.

In fact, Plaintiff's first allegation, that he was not informed the Loan was an A.R.M., is belied by the fact that the Note is titled "Adjustable Rate Note" in bold on top of the first page and has the same title on the footer of every page of the Note thereafter. *See* (Doc. 6-1 at 3-11).  Plaintiff does not explain how his allegation that his son's income was not considered is unlawful or how Defendants were required to do as Plaintiff asked. Plaintiff's statement that the Loan was fraudulently obtained is nothing more than a conclusory statement, which is not supported by a single fact.   Finally, Plaintiff's allegation that Defendant Bank of America mishandled the modification process in violation of prior court orders is also a conclusory statement.  Plaintiff explains neither what these orders were nor what Bank of America did that violated these orders.  If Plaintiff means that the modification was mishandled because he believes the deed was satisfied, Plaintiff admitted this argument was unfounded in his Response. *See* (Doc. 11 at 2).  Accordingly, the Court dismisses Plaintiff's breach of contract claim.

Finally, Plaintiff's wrongful foreclosure claim was also based on Plaintiff's "show the note" theory.  (Doc. 1-1 at 10 ¶ 38).  As explained above, this theory is unfounded

and fails to state a claim.  Further, a wrongful foreclosure claim states a cause of action that has yet to be recognized in Arizona.  *Herring v. Countrywide Home Loans, Inc.*, 2007 WL 2051394, at *5 (D. Ariz. July 13, 2007); *Schrock v. Fed. Nat. Mortg. Ass'n*, CV 11-0567-PHX-JAT, 2011 WL 3348227, at *6 (D. Ariz. Aug. 3, 2011).  Nevertheless, recognizing that other jurisdictions have recognized the tort of wrongful foreclosure, Arizona District Court judges have found it "appropriate to join those jurisdictions." *Herring*, 2007 WL 2051394 at *5; *Hughes v. Wells Fargo Bank, N.A.*, 2009 WL 5174987, at *1–*2 (D. Ariz. Dec. 18, 2009); *Contreras v. U.S. Bank*, 2009 WL 4827016, at *5–*7 (D. Ariz. Dec. 15, 2009) (considering the elements of the tort of wrongful foreclosure without, "predict[ing] whether the Arizona Supreme Court would recognize the tort").  However, the tort of wrongful foreclosure is only ripe once a foreclosure sale has occurred.  *Jones v. Bank of Am.*, 2010 WL 2228517, at *3 (D. Ariz. June 1, 2010); *Schrock*, 2011 WL 3348227 at *6.  No such sale has occurred in this case.  Consequently, the Court dismisses Plaintiff's wrongful foreclosure claim.

## III.     LEAVE TO AMEND

Plaintiff has requested leave to amend his Complaint in the event the Court grants Defendants' Motion to Dismiss.  (Doc. 12 at 6).  Plaintiff had the right to amend the Complaint as a matter of course within twenty-one days after Defendants filed their Motions to Dismiss under Federal Rule of Civil Procedure 15(a).  Plaintiff did not exercise this right.  However, the Court recognizes its obligation to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements."  Fed. R. Civ. P. 15(a)(2); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

Under Ninth Circuit Court of Appeals precedent prior to the 2010 amendments to the Federal Rules of Civil Procedure, this Court would *sua sponte* grant leave to amend when granting a motion to dismiss under Rule 12(b)(6), unless a pleading could not be cured by the allegation of other facts.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, this precedent has been called into question in light of the 2010 changes to the

Federal Rule of Civil Procedure 15, which now allows parties twenty-one days from responsive pleadings and motions to dismiss to amend as of right.  *See id.*  Further, when a plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.  *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

In this case, the Court dismisses Plaintiff's quiet title, wrongful foreclosure, and breach of contract claims without prejudice and grants Plaintiff leave to amend these claims because Plaintiff has moved to amend, the Court cannot conclude that any amendment of these claims would be futile, and Plaintiff has not amended the Complaint previously.  However, in amending the Complaint, Plaintiff shall not simply re-allege his failed claims.   In filing an amended complaint, Plaintiff is advised to consider the deficiencies in the original Complaint that the Court has noted in this order.  "If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  *Gullion v. Tiffany & Bosco, P.A.*, CV11-01924-PHX-DGC, 2012 WL 260040, at *5 (D. Ariz. Jan. 30, 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order)).

**IV.   CONCLUSION**

Based on the foregoing,

///

///

///

///

///

///

///

**IT IS ORDERED** that Defendants Motion to Dismiss (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 12) is granted.  Plaintiff shall file an amended complaint within twenty-one (21) days of this Order.   If Plaintiff fails to comply with this Order, the Clerk of the Court shall dismiss the entirety of Plaintiff's Complaint with prejudice.

Dated this 4th day of March, 2013.

James A. Teilborg
Senior United States District Judge

- 13 -