**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Hensley,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Bank of New York Mellon f.k.a. The Bank of New York, as trustee for the certificateholders of CWALT, Inc. Alternatively Trust 2007-OA7, Mortgage Pass—Through Certificates, Series 2007-OA7, Bank of America, N.A., John Does I-X and Jane Does I-X, their wives; Black Corporations I-X;<br><br>　　　　　Defendants. | No. CV 12-01248-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Defendants' Bank of New York Mellon, et al., Motion to Dismiss (Doc. 18). The Court grants Defendants' motion for the following reasons.

**I.   BACKGROUND**

　　　　On or about August 21, 2006, Plaintiff borrowed $190,400 (the "Loan") from Ampro Mortgage, a division of United Financial Mortgage Corporation (the "Lender") to refinance an existing loan against real property in Mesa, Arizona (the "Property"). A Note (Doc. 6-1 at 3-11) and Deed of Trust (*id*. at 13-35) signed by Plaintiff evidence and secure the Loan. The Deed of Trust expressly states that Mortgage Electronic Registration Systems, Inc. ("MERS"), and the successors and assigns of MERS, will serve as beneficiary in a nominee capacity for Lender and Lender's successors and assigns. (*Id*. at 13).

1   On or about July 1, 2008, Plaintiff stopped making payments on the Loan and
2 defaulted under the terms of the Note and Deed of Trust.  *See* (*id*. at 44).

3   On or about April 25, 2011, MERS, as nominee for Lender, assigned its beneficial
4 interest under the Deed of Trust to Defendant Bank of New York Mellon ("BNYM").
5 (*Id*. at 37).  On or about September 22, 2011, BNYM appointed ReconTrust Company,
6 N.A. ("ReconTrust") as successor trustee under the Deed of Trust.  (*Id*. at 39).  BNYM
7 remained the beneficiary under the Deed of Trust.  *See* (*id*. at 44).  On September 22,
8 2011, ReconTrust noticed the Property for a non-judicial trustee's sale scheduled to take
9 place on December 30, 2011.  (*Id*.)  The sale has not been held.

10   On May 14, 2012, Plaintiff filed a Complaint in the Maricopa County Superior
11 Court (Doc. 1-1 at 5-11) alleging three claims against Defendants.  On June 11, 2012,
12 Defendants removed this case from state court to this Court under diversity jurisdiction.
13 (Doc. 1 at 1-2).

14   On June 18, 2012, Defendants filed their first motion to dismiss.  (Doc. 6).
15 Plaintiff subsequently filed a motion to amend his complaint.  (Doc. 12).  On March 4,
16 2013, The Court granted Defendants' motion to dismiss and granted Plaintiff's motion to
17 file an amended complaint.  (Doc. 14).  The Court ordered Plaintiff to file an amended
18 complaint by March 25th or the Clerk of the Court would dismiss Plaintiff's complaint
19 with prejudice.  (*Id*. at 13).  On March 25th, Plaintiff filed a motion for an extension of
20 time to file an amended complaint (Doc. 15) and on April 15th Plaintiff filed a lodged
21 amended complaint (Doc. 16).  On April 22, 2013, the Court granted Plaintiff's motion
22 for an extension of time and deemed the filed amended complaint as timely.  (Doc. 17).

23   On May 2nd, Defendants filed the pending motion to dismiss (Doc. 18).  Under
24 Local Rule of Civil Procedure 7.2(c) ("LRCiv") any response Plaintiff was going to file
25 was due by May 16th.  Plaintiff failed to file a response by May 16th.  On June 3rd,
26 Plaintiff filed a motion for another extension of time to file his response (Doc. 19).  On
27 June 25th, the Court granted Plaintiff's motion for an extension of time and gave Plaintiff
28 until July 8th to file his response (Doc. 20).  Plaintiff also failed to meet this deadline and

filed his response on July 22nd. (Doc. 21). Defendants filed a reply on August 1st. (Doc. 22).

## II. DISCUSSION

Plaintiff failed to abide by the Court's order of June 25th and file his response by July 8th. LRCiv 7.2(c) requires responsive memoranda to be filed within fourteen (14) days after a motion is served. Defendants' motion to dismiss was filed on May 2nd. (Doc. 18). Plaintiff initially waited until June 3rd to file his motion for an extension of time—32 days after Defendants' motion was served. Further, in Plaintiff's motion for an extension of time he asked to have only through June 21st to file his response. (Doc. 19). The Court granted Plaintiff's motion and ordered Plaintiff to file his response to Defendants' motion to dismiss by July 8th and clearly warned Plaintiff that if he failed to comply that "the Court will deem that failure to be consent by the Plaintiff to [Defendants'] motion being granted." (Doc. 20). In spite of asking the Court for an extension only through June 21st, Plaintiff ignored the Court's deadline again and filed his response on July 22nd—two weeks after the deadline and over a month after the date Plaintiff requested.

Even if the Court had not made the consequences of non-compliance clear to Plaintiff on June 25th, LRCiv 7.2(i) explains the "effect of non-compliance" and provides that "if a motion does not conform in all substantial respects with the requirements of this Local Rule . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i).

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). "Although we construe pleadings liberally in their favor, [even] *pro se* litigants are bound by the rules of procedure." *Id*. at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

1    to the [party seeking dismissal]; (4) the public policy favoring disposition of cases on
2    their merits; and (5) the availability of less drastic sanctions.'" *Id*. at 53 (quoting
3    *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these
4    factors favor the imposition of sanctions in most cases, while the fourth cuts against a
5    default or dismissal sanction. Thus the key factors are prejudice and availability of lesser
6    sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit
7    Court of Appeals "review[s] the 'district court's dismissal pursuant to its local rules for
8    abuse of discretion. Only in rare cases will [the Court of Appeals] question the exercise
9    of discretion in connection with the application of local rules.'" *Sekhon v. BAC Home*
10   *Loans Servicing LP*, 11-57131, 2013 WL 857617, at *1 (9th Cir. Mar. 8, 2013) (quoting
11   *Ghazali*, 46 F.3d at 53).

12          In *Ghazali*, the Ninth Circuit Court of Appeals upheld summary dismissal of a 42
13   U.S.C. § 1983 action for the failure to follow a Nevada district court local rule because
14   the *pro se* plaintiff failed to respond to the defendant's motion to dismiss. *Ghazali*, 46
15   F.3d at 53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a
16   response to a motion to "constitute a consent to the granting of the motion." *Id*. (quoting
17   D. Nev. R. 140-6). The Court of Appeals reasoned that the dismissal was proper because
18   the *pro se* plaintiff was bound by the rules of procedure, and was given notice of the
19   motion and ample time to respond. *Id*. at 54 (citing *King*, 814 F.2d at 567).

20          Like the plaintiff in *Ghazali*, Plaintiff in this case has failed to abide by the local
21   rules of civil procedure. While the Court recognizes that Plaintiff eventually filed a
22   response unlike the plaintiff in *Ghazali*, this was only after the Court repeatedly granted
23   Plaintiff considerable latitude to file his amended complaint and response and the Court
24   made the consequence of non-compliance in both cases clear. As noted in *Wanderer*, the
25   first two factors—expeditious resolution and docket management—generally favor
26   dismissal. *Wanderer*, 910 F.2d at 656. They weigh especially heavily here because of
27   the Court's actions and Plaintiff's disregard for the Court's order.

28          The third factor also favors Defendants. The prejudice to Defendants is no less in

1 this case than it was in *Ghazali*. Thus, under *Ghazali*, this factor also favors dismissal.

2 While the public policy favoring resolution on the merits weighs against
3 dismissal, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), Plaintiff has now
4 repeatedly disregarded the Court's orders and local rules. Accordingly, this factor weighs
5 only slightly against dismissal.

6 The final factor requires the Court to consider the availability of less drastic
7 sanctions. Defendants have moved for the Court to dismiss the amended complaint with
8 prejudice. While Plaintiff is a *pro se* litigant, the Court has already granted Plaintiff
9 repeated less drastic measures and Plaintiff has failed to prosecute his claims against
10 Defendants in accordance with the Court's orders and the rules. Most recently, the Court
11 made it clear that if Plaintiff failed to file his response by July 8th that this case would be
12 dismissed with prejudice. (Doc. 20). Plaintiff failed to do this. Thus, in weighing this
13 last factor, the Court finds that dismissal with prejudice is the only acceptable sanction at
14 this point in this case.

15 In sum, the five-factor analysis supports dismissal of this case for failure to
16 comply with the Court's most recent order and local rules. The Court's decision to grant
17 Defendants' motion in these circumstances is further supported by the fact that it is
18 premised upon a local rule that expressly permits the Court to summarily grant non-
19 compliant motions. *Ghazali*, 46 F.3d at 53 (quoting *Warren*, 601 F.2d at 474 ("Only in
20 rare cases will we question the exercise of discretion in connection with the application of
21 local rules.")). Defendants' motions to dismiss will therefore be granted based on
22 Plaintiff's failure to comply with LRCiv 7.2(c) and the Court's order. *See* LRCiv 7.2(i).

23 **III. CONCLUSION**
24 Based on the foregoing,
25 //
26 //
27 //
28 //

1      **IT IS ORDERED** that Defendants' motion to dismiss the amended complaint
2  (Doc. 18) is granted.
3      **IT IS FURTHER ORDERED** that this case is dismissed with prejudice.
4      **IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment
5  accordingly.
6      Dated this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge